CRAWFORD, Chief Judge
(concurring in the result):
I agree with the majority that Appellant suffered no prejudice from defense counsel’s allegedly deficient performance. I disagree, however, that “trial defense counsel improperly conceded [during the sentencing argument] the appropriateness of a dishonorable discharge” and that any period of confinement in excess of forty years is excessive. 59 M.J. at 386. In my view, counsel’s concession was an appropriate tactical decision aimed to ensure his credibility with the court-martial and assess reasonable sentencing probabilities. To this end, counsel would have been remiss not to concede the appropriateness of a dishonorable discharge and a lengthy period of confinement. Accordingly, I concur only in the result of the lead opinion.
Both the Sixth Amendment and Article 27, Uniform Code of Military Justice, 10 U.S.C. § 827 (2000), guarantee an accused the significant right to effective assistance of counsel. United States v. Fluellen, 40 M.J. 96, 98 (C.M.A.1994). Importantly, there are “countless ways to provide effective assistance in any given case.” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to effective assistance during the closing and sentencing argument, “deference to counsel’s tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage.” *388 Yarborough v. Gentry, — U.S. -, -, 124 S.Ct. 1, 4, 157 L.Ed.2d 1 (2003)(per curiam). Such arguments should “sharpen and clarify the issues for resolution by the trier of fact, but which issues to sharpen and how best to clarify them are questions with many reasonable answers.” Id. (citation and internal quotation marks omitted).
Defense counsel’s concession in the instant case was, in my view, a legitimate tactical decision to which this Court should afford great deference. “[Confessing a client’s shortcomings ... is precisely the sort of calculated risk that lies at the heart of an advocate’s discretion. By candidly acknowledging his client’s shortcomings, counsel might have built credibility with the jury and persuaded it to focus on the relevant issues in the case.” Id. at 6. The same tactic was famously employed by Clarence Darrow in the Leopold and Loeb case:
I do not know how much salvage there is in these two boys____ [Yjour Honor would be merciful if you tied a rope around their necks and let them die; merciful to them, but not merciful to civilization, and not merciful to those who would be left behind.
Id. at 6-7 (quoting Famous American Jury Speeches 1086 (Hicks ed.l925)(reprint 1990)). In this vein, counsel’s concession that Appellant’s conduct “deserves to be labeled as dishonorable” and “that any period of confinement in excess of forty years is excessive” was a calculated attempt to build credibility with the judge.
Moreover, defense counsel appropriately realized that given the severity of Appellant’s offenses and the resultant injuries to the victim, counsel’s best argument was to limit the difference between the sentence cap on the pretrial agreement and any sentence announced and approved by the convening authority. Appellant’s pretrial agreement permitted the convening authority to suspend any confinement in excess of 30 years. Suspension of confinement, unlike disproval of confinement, can be revoked upon further misconduct by the accused. Given Appellant’s established history of criminal offense and alcohol abuse, defense counsel astutely acknowledged the likelihood of future misconduct, and therefore the likelihood of the suspension’s revocation. In short, by conceding that confinement over 40 years would be excessive, counsel in effect limited to ten years the additional confinement Appellant would serve were his suspension revoked.
Finally, counsel’s concession as to excessive confinement was also a legitimate attempt to avoid an unfavorable life sentence for Appellant. Appellant would earn 10 days of “good time” credit each month for his 30 year sentence, but no “good time” credit for a life sentence. U.S. Dep’t of Defense, Instruction 1325.7, Administration of Military Correctional Facilities and Clemency and Parole Authority, Enclosure 26.1.1-.5 (July 17, 2001).* In this light, defense counsel not only negotiated a favorable deal for Appellant, but by making a credible sentencing argument, may well have avoided a sentence of life or life without parole.
Given the reasonable tactical motives behind defense counsel’s concession, as well as the substantial deference this Court should afford counsel when analyzing ineffective assistance claims, I cannot find the concession improper. On the contrary, defense counsel’s actions on Appellant’s behalf were entirely consistent with the “wide range of reasonable professional assistance” considered to be effective. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. Concluding otherwise, as the majority does, will result in a disservice to accuseds by encouraging counsel to be timid in employing pro forma sentencing arguments simply to avoid ineffectiveness claims. Accordingly, I concur only in the lead opinion’s ultimate result.

 The current instruction is materially identical to the one in effect at the time of trial.